Good morning, Your Honors. Maintenance of the Court, I'm Erin Cox from UCLA Law School, and I represent the appellant, Mr. Craig Abel. At the outset, I'd like to note that I'm splitting the argument with my colleague, Jorge Dineve, and we'd like to reserve two minutes for rebuttal. So you're here as a certified law student? Certified, yes. And this is your supervisor? My colleague from O'Melveny Meyers, Jorge Dineve. This case presents three issues for review. I'll address the jurisdictional matter and the violation of Mr. Abel's due process rights stemming from an unconstitutional jury instruction. My colleague will address trial counsel's ineffective assistance. Because the parties agree the court has jurisdiction, unless Your Honors have questions relating to this, I'll turn to the substance of Mr. Abel's claims. Well, the government didn't – the government agrees that the court does have jurisdiction, but they don't completely concede on that issue, do they? Don't they just say we should enforce the rule just because it's a rule? Or have they completely conceded? I believe that the state has completely conceded that the time limit at issue is non-jurisdictional, and therefore this court does have jurisdiction. And in terms of why this court should exercise that jurisdiction, I believe that they do go ahead and say, specifically on page 27 or pages 31 and 34 of their brief, that under Smith v. Berry, that Abel's motion for extension of time – motion for extension of time to file an appeal does function as the functional equivalent of a notice of appeal, given the notice requirements under Rule 3C. Before you attack the merits, because I don't know when the proper time to bring this up would be, are you going to be talking about the burden of persuasion shifting problem? Is that what you're planning to talk about? I'll be talking about the jury instructions, the ambiguity inherent in the jury instructions, and how that created a reasonable likelihood under Estelle that the jury applied them in a manner so as to lessen the prosecution's burden of proof. Let me ask you this. It appears to me that Abel did not raise the issue in the state court, did not say, the problem with this is that the instruction allows him to find me guilty with a burden of persuasion less than beyond a reasonable doubt. He said, I think this thing is unconstitutional because they may decide to convict me because they think I'm such a bad guy for the other things I allegedly did. But he did not make the argument that it's unconstitutional because it changes the burden of persuasion from preponderance of the evidence to beyond a reasonable doubt. Nor did he actually make that argument in the district court. In fact, in the district court, he said the contrary. And it looks to me like he's patched over what he did in the California courts. I can't be sure. He said the contrary. He said, it may be beyond a reasonable doubt, but it's still, it's unconstitutional for these other reasons. Why should we take that issue up now, and how can we? Your Honor, your question raises two different points, one on the State appellate court and one at the district court. In the excerpts of record, there is the district court's opinion as well as the magistrate's report and recommendation. Within those particular opinions, it's not at all clear the way in which Mr. Abel presented the issue to the court at that time. However, it's perfectly clear in his petition. I understand that the magistrate judge dropped a footnote that said, oh, well, this would be unconstitutional otherwise, would be constitutional otherwise. I'm asking, though, I don't see anything in any case within the court of appeal in California. Assuming the magistrate judge saves him by putting in that footnote in his decision, did he in California say that? The California court of appeal didn't recognize that claim. True. Did he actually make it in your view? Yes. In the California court of appeal, and at that point he was a purely pro se petitioner, the way in which the argument was framed, which I believe does for, in terms of appealability, does present the claim to the court, was that the provision of CalJIC 2.50.01 exacerbated the infirmities inherent in California evidence code 1108. The thrust of the claim was made against the evidence code section. In the district court, in the briefs, which are not in the excerpts of record, however, it's very clearly laid out. There is a section stating that the CalJIC instruction lowered the prosecution's burden of proof and on its own independently presents a constitutional error. However, the magistrate does not feel. And that's not what he says in his brief. He says in his brief, he says in his petition to the district court, it seems to me, he says that it doesn't matter if it does that. The problem is that even if it's a higher standard of proof than, even if it's a higher standard of proof, what he says is it's no good because it confuses the jury into convicting me of an old offense. Even if it does it beyond a reasonable doubt, it can't do that. And that's what's wrong with it. That's what he says. That's a different claim. You've changed the burden of persuasion. He's saying maybe your instruction leaves the burden of persuasion beyond a reasonable doubt, but it will be beyond a reasonable doubt as to these other offenses, and that's unconstitutional. That's his argument. That's a very different argument, it seems to me. I would refer you to the State Appellate Court's opinion, specifically Excerpts of Record, page 61, in which it summarily disposes of Mr. Abel's Federal constitutional claims, including the one premised on the Calgic instruction. It states, The assent of the State Appellate Court's reasoning does not refer to either Estelle or Gibson, which found a portion of the instructions unconstitutional. It states that Mr. Abel's arguments have, quote, been rejected by the California Supreme Court, citing Terrelliford, which upheld the constitutionality of Calgic 2.50.01. We must defer to the rulings of our Supreme Court, and thus we need not address these issues further. They relied entirely on the reasoning of the California Supreme Court in Terrelliford. However, even though analysis under Estelle necessarily is fact-dependent and requires consideration of the trial record as a whole, and even though Terrelliford was decided before Gibson v. Ortiz, a Ninth Circuit opinion, and thus did not have the benefit of its guidance in finding a portion of the instructions unambiguously unconstitutional. Now, the Terrelliford opinion, even if it were to apply, we did apply that reasoning to our case, it's clear that the State Appellate Court reached its decision by applying Estelle in an unreasonable manner. According to Terrelliford, the ambiguity inherent in the instructions does not create juror confusion because, quote, a conviction based solely on the uncharged conduct is a logical impossibility. Ergo, under Estelle, there's no reasonable likelihood that the jury applied it in this manner. A logical impossibility. But don't the 2.5001 and 2.50.1, they both have cautionary language, and so why isn't it sufficient to safeguard the petitioner's due process rights? Aren't juries presumed to have followed the instructions that they're given? They are, Your Honor. However, in Francis B. Franklin, the Supreme Court made clear that language which merely contradicts a constitutionally infirm instruction does not suffice to absolve the infirmity. Here, you have one instruction which states that you can, the next sentence states that you can't. The contradiction, at best, renders the instruction ambiguous, as much as acknowledged by this Court in addressing similar claims under the Estelle standard, which is a standard which is premised on ambiguity in the instructions. Now, looking at the time, I'd like to conclude in order to turn the argument over to my colleague, but in sum, Your Honors, the inclusion of instructional language found unconstitutional in Gibson. Operating in the context of the prosecution's thin credibility case, no physical evidence, everything turned on credibility with the emotionally charged nature of the sex crimes and the similarity between the incidents. This operated to deny Mr. Abel due process. Thank you, Ms. Cox. Good morning, Your Honors. May it please the Court, my name is Jorge Dineva, and I also represent Craig Abel. I'm going to discuss the violation of Mr. Abel's Sixth Amendment right to effective assistance of counsel. The State Court found that counsel's conduct here, the failure to introduce evidence that the accusers had lied about sexual abuse, was strategic and, therefore, not deficient under Strickland. This finding was both an unreasonable determination of fact and contrary to clearly stated principles. It was unreasonable because it relied solely on the self-serving declaration of counsel. There was no evidentiary hearing in this matter, and under newness, such a factual finding that relies on the credibility of a witness that merely provides a declaration is unreasonable. In addition, there was no indication that the State Court considered the evidence showing that trial counsel had decided to give up either because of ignorance or lack of preparation. For instance, there was no questioning that was made of the children about the false allegations of sexual abuse, even though they got on the stand before Ms. Jacobs. And even in the case of Ms. Jacobs, it wasn't until recrossed. But why would, before Ms. Jacobs got on the stand, what counsel in their right mind would bring up some other incident and not knowing what the kids are going to say? Because counsel would have evidence that they had previously made false allegations of sexual abuse. All right. But once you open it, the kids aren't going to say they lied. That's right. I mean, the kids aren't going to say they lied. They're going to say, have you accused someone else? All right. And then you try to make the allegation that they've lied. The barn door swings open, and then they can bring in, then the prosecution can bring in evidence of that other. And there's a risk not only Mr. Abel already has another victim coming in that says that he raped. On the deck, there's two victims that the court has said can come in. And then if you want to go into this other area with these kids, then the prosecution can prove that that could spin out of control that way. And so there could be a lot of reasons someone wouldn't want to open that door. I mean, that counsel was sitting there with two other cases that have been ruled in limine could come in, perched right there. And then so opening anything extraneous and trying to confine it to this, you know, I'm just not sure that you might have done it differently. But that, you know, why someone would have the strategy reason, that's not hard for me to understand, is having prosecuted these cases for like ten and a half years and heard trials on them. At that point, to start with, the motions that were done in the motions limine had allowed basically, I don't think they had been decided yet, and there was at the end one case that was put in. It must be that they were decided before the trial started. There was an evidentiary hearing that occurred in the middle of trial to determine whether one of these alleged victims would come in. And, in fact, that alleged victim's testimony didn't come in. But, furthermore, there's nothing in the record. They chose not to put that in, but the court ruled that both could come in, right? That's correct. But they chose not to put it in because there was this evidence in place that indicated that this victim could not identify Mr. Abel as the person that actually committed the rape. All right. But how do we know if counsel had gone into this whole thing of attacking the kids and attacking Ms. Jacobs, how do we know that having they had a prior ruling, how do we know that might not have come in, too? And how would two victims help Mr. Abel? We don't know, but the issue is if you take... Landmines all over. You know, people ready to leap on this guy saying he did it to me, too. But the issue is in terms of the declaration that was provided by Mr. Abel's former trial counsel is he does not point to any of those rationales. If those were the rationales, there may be something to be considered. What he indicates is he did not go into this, didn't follow up on it, because of the determination he made at trial of Ms. Jacobs' credibility. He couldn't have made that determination at the time that the kids came up. He couldn't have made that determination at the time the kids came up. He also, in making that determination, it's unclear why then he starts walking down the road into it in recross when the issue of whether Ms. Jacobs believed these kids came up on direct examination. You know, an awful lot of defense trial lawyers do not like to attack children in court. They think that's an extraordinarily bad move in front of any jury, and especially the kids turn out to be able to deny what he's saying. The question here, though, is that this was all about credibility. As the State mentioned, this case was all about credibility. Almost always are. And they always are. And you have evidence that goes directly to whether these kids lied about another instance of sexual abuse. That's critical for the jury to be aware of in terms of determining whether, in fact, we have in assessing the credibility of those children. I see your time is up. Thank you very much. Thank you. Good morning. Good morning, Your Honors. Holly Wilkins, Deputy Attorney General, on behalf of the warden. I'd like to clarify our position with respect to jurisdiction. I hope I haven't been confusing. We certainly concede it's a non-jurisdictional matter. We do make the point that our objection to failure to comply would be timely. We do that simply to make it clear that we're not reaching the issue because we failed to do something at the appropriate time. Well, I guess you do spend time saying how we should enforce this rule, and it sort of strikes me as there are instances where that's a good argument. But here, the person came in within the time period, said they definitely wanted to file a timely appeal, asked for a continuance. The court gave that person 30 days. I mean, why would this be a time that a court would want to impose a rule as opposed to a statute? This is not jurisdictional. I mean, it just seems to me that it's like one of those overkill, not adding to your credibility as a government agency. I mean, why would you want to knock someone out of court on something like that? We don't, and we've identified a clear path. The only thing we've stopped short of is making the court's decision. There's three aspects that have to be present to deem the extension request the functional equivalent of a notice of appeal. We've conceded the missing element. We represent to the court that we were in no way represented, and we've made it quite clear under both the laws and with that concession this court can reach the issue. We were rather exacting and explaining why we didn't find the other suggestions to be appropriate. We didn't want to have this case stand for the time being. So you don't want to have an opinion stating that it's unique circumstances. You want this to be the functional equivalent. Yes. We did not want to invoke the arcane doctrine that we believe wouldn't apply. We also didn't want an opinion that indicated that the pro se status of Mr. Abel was a factor. So the court would appropriately under the law and with the facts and with our concession reach this issue, and so we encourage it to do so. We simply don't make that decision. Let me ask you a question about the merits about the instruction. Yes. If I understand correctly, the trial judge tells the jury that if you find that this defendant, if you find by a preponderance of the evidence that this defendant committed other offenses, you can find that he committed this crime for which he's charged. No, absolutely not. And it really is quite clear. There have been other cases that have not had an instruction as clear as the one that was given in this. That's not what he says? That's not what he tells you? No. No. The instruction is remarkably clear because it makes it quite clear that you can determine by a preponderance whether or not Mr. Abel raped his sister-in-law. And if you find this is the instruction. If you find that the defendant had this disposition, you may but are not required to infer that he was likely to commit and did commit the crimes of which he is accused. Yes, but this instruction is far more inclusive than earlier versions. I'm reading the version given here. The judge is telling them that if you find by a preponderance of the evidence that he did these other crimes, you can find that he committed the crime of which he is accused. Yes, but it says if you find that the defendant had this disposition, you may but are not required to infer that he was likely to commit and did commit. And then it goes on and quite clearly states, however, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. Okay, but Ms. Cox's point was the first paragraph says you can do it. The second paragraph says you can't do it. And this is what causes the problem. No, this isn't where you have contradictory instructions. It's really quite clear. And if you ‑‑ there are cases that have discussed this instruction, and they've made it quite clear that when ‑‑ Well, it's so clear that I think the California Supreme Court said that it's not wrong, but let's not do it anymore. Well, actually, those were earlier versions that were criticized by the California Supreme Court. They upheld the constitutionality, but they felt it could be done better. This is a subsequent version to the criticisms that were inherent in the earlier affirmances by the California Supreme Court. But this isn't a situation where you have competing instructions that the jury is likely to confuse. When you read this instruction, it is resoundingly clear. The only conceivable argument about confusion would be if you had charged offenses that could be confused as the ones that are subject to the preponderance. That's not the situation here. I don't understand what you mean by that. Well, for example, if the charged offenses, like let's say that you had a series of sexual offenses for which they're similar. We have molesting children, and then we have a prior uncharged offense of raping his sister‑in‑law. Now, if this ‑‑ this instruction says that if you find that these uncharged offenses have been established by a preponderance of the evidence. Yes. You can find that the defendant was likely to commit this offense and did commit this offense. Yes, but you have to read the instruction as a whole. And it's quite clear that it's not sufficient in and of itself to prove beyond a reasonable doubt that Mr. Abel committed the charged crimes. Is that the part that was changed from the earlier version? Yes. Yes. And it is an improved version. So what you're saying is if the prior acts that had been admitted had been molesting children, then you're conceding that the way these instructions are given would be confusing? No, I would think it would be a better argument. But you just said that. You said, well, it's not like ‑‑ No, I'm just saying I just can't conceive. I mean, I can't imagine how a jury could read this instruction and there would be any reasonable possible ‑‑ Have you done a lot of jury trials? Pardon? Have you done a lot of jury trials? Not a lot. Not a lot. But, no, I mean, it's quite clear. I don't know what would be done to make it clearer. Well, they could leave that out, for one thing. They could say that if you find that the defendant had the disposition, you may but are not required to infer that he was likely to commit the crime, period, and not say in that he did commit it. Well, again, the California Supreme Court has upheld the prior versions of this instruction. It upheld this version of the instruction. It rejected Mr. Abel's challenge. Well, I know they upheld the prior version and we struck it down. Well, we're here under ADEPA. There must be deference to the state court's determination. Absent it being contradictory of United States Supreme Court authority, it must be deferred to. It's not for this court to determine whether their assessment of this instruction was correct but whether it was wholly unreasonable, which is a very high standard, as the United States Supreme Court has repeatedly indicated. So if the court could improve the instruction by deleting the phrase. . . I mean, the only reason I raise that is you say you couldn't imagine how it could be any better, and I was suggesting it could say you can find that he has the disposition to commit these offenses and leave it at that. As long as you're asking for drafting tips, I thought. . . Well, I'll bring it up with CalCRM, but, I mean, it immediately says, however, they're charged with reading the instruction as a whole. I cannot conceive how you can read the however paragraph and in any way hinge Mr. Abel's conviction beyond a reasonable doubt solely based upon the predisposition evidence. You would not be reading the instruction as a whole. You're not only supposed to read all of the instructions as a whole. This instruction in itself is really quite clear, and I think the however paragraph alleviates any potential misapplication or confusion. If it could be even clearer, I'm not going to dispute that because I don't bear that burden today. I simply have to demonstrate that this instruction is past constitutional muster, and frankly even less than that, the fact that the California Supreme Court believes it passes constitutional muster is not inherently unreasonable, is not contrary to the United States Supreme Court precedent. I did want to clarify. Counsel indicated that Mr. Abel was pro se in the California litigation. That is not true. He was represented by counsel. He was represented in his habeas litigation by Rebecca Jones. So this was not a situation where his issues were framed and presented pro se in state court. Was he pro se when he asked for the continuance? Oh, in federal court? Yes. I think that's what she was saying. She said in the state proceedings in California he was pro se, and it was in the context of the discussion about the shifting sands of the issues. And I do think it's important to note that he did have the benefit of representation. And in the court of appeal opinion, the court did address whether the instruction itself, the 2.50.1, this was in the direct appeal, it did address whether the instruction itself would lead the jury to conclude that Mr. Abel was guilty of the charged offense based solely on a preponderance of the evidence. So it was a subset of his overall claim. It has shifted to become the focal point coming into this court, but it was intended to indicate that it exacerbated the unconstitutionality of 1108, which was the fundamental challenge in the state court and in the district court. Now, with respect to counsel's suggestion that an evidentiary hearing is necessary, Mr. Abel was given every opportunity to come forward. But his pleading burden under California law required him to bring forward reasonably available documentary evidence. His attorney obtained, in support of his petition, a declaration from defense investigator and defense trial counsel. And so the factual basis upon which the state court ruled fully supports its determination. He asked why didn't he question the children. And, Your Honors, observations were very appropriate. And in additional, I would indicate that counsel is assuming that reports were made by the children of another molest. He's also assuming they were false. He is not entitled to do that. The allegation of ineffective assistance of counsel was the failure to make use of the defense investigative report as it existed. That is limited to the aunt allegedly making a prior inconsistent statement. It is not appropriate to assume that there were reports, that they were false, or that they could be documented. Mr. Abel did not meet his pleading burden with respect to showing that the tactical decision was unreasonable or that it was based upon inadequate investigation. And he clearly failed to show what further investigation would have yielded. So under the prejudice prong, he fails as well. Also, the criticism of why did defense counsel only raise the matter of the prior inconsistent statement on recross examination. Well, it was quite clear in the record that defense counsel subpoenaed the great aunt separately. She was under subpoena for the offense. And when he approached for his initial cross examination, he stated, your questioning by me today may or may not conclude your being questioned, because you are under subpoena by me as well, and you may be recalled. When she was excused, she was not excused for all purposes. She was subject to being brought back in by the defense. So it's unfair to the defense attorney to suggest that he was ill-informed, was unaware of the statement because of how it came out on recross as opposed to initial cross examination. I would just conclude by noting that it is a highly deferential standard for which the ineffective assistance of counsel claim is viewed. It is not only the traditional deference owed to counsel, but it's the doubly deferential standard of a DEPA. And under those standards, I would urge the Court to reject the challenge to the claim. Thank you, Ms. Wilkins. Thank you. Ms. Cox and Mr. Newby, you folks have used up your time, but with the concurrence of my colleagues, we'll give you one minute in rebuttal, if you'll keep it to a minute, please. Thank you, Judge Silverman. With this one minute, I'd like to address specifically reversal of the state appellate court opinion under AEDPA with respect to the due process jury instruction issue. The Supreme Court has stated that a state court decision does not warrant deference under AEDPA when either the reasoning or the result is contrary to clearly established federal law. This court in France v. Hazy has also stated that mistakes in reasoning constitute error under the contrary to prong of AEDPA. Again, the state appellate court did not... What's your best case? Well, I would state that in general, the best argument is that... What's your best case? What's your best... ...is Estelle, the fact that this is an ambiguous jury instruction and it needs to be analyzed under Estelle. Estelle was not applied in this case. Estelle is necessarily a fact-dependent analysis and must be made in light of the instructions and the trial record as the whole, which includes consideration of the weakness of the prosecution's case. In this case, it was very weak. It hinged on credibility. Okay. Thank you. Thank you, Your Honor. The case just argued is submitted. We want to thank counsel for taking this pro bono case. And Ms. Cox, you were better prepared and better spoken than a lot of the lawyers we see. Congratulations on this argument. Thank you. This can be recessed for today. Thank you.
judges: Kozinski, Thomas, Callahan